IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3222-FL

| | | |
|---|---|---|
| LANCE ADAM GOLDMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GEORGE KENWORTHY and | ) | |
| ROBERT LEWIS, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Also pending are plaintiff's motions for joinder (DE ## 4, 11), motions to amend (DE ## 5, 7), and motion for class certification (DE # 6). Defendants have not yet been served.

Plaintiff's motions to amend his complaint are ALLOWED where no defendants has been served and where justice so requires. See Fed. R. Civ. P. 15(a). Plaintiff's motion for class certification is DENIED because a *pro se* litigant may not act as representative of a class composed of other inmates. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam) ("[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). Similarly, plaintiff's motion for joinder, which seeks to add plaintiffs under Rule 20 of the Federal Rules of Civil Procedure, must be DENIED where the proposed plaintiffs' claims are not sufficiently related to one another, see Saval v. BL Ltd., 710 F.2d 1027, 1031 (4th Cir. 1983), and where allowing plaintiffs to proceed *in forma pauperis* jointly could

circumvent the fee provisions of the Prison Litigation Reform Act ("PLRA"), see Hubbard v. Haley, 262 F.3d 1194 (11th Cir. 2001).[1] The claims of the prospective plaintiffs are DISMISSED from this action without prejudice. See Fed. R. Civ. P 21.

The court now turns to its frivolity review of plaintiff's individual claim, as amended. Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." See 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be found frivolous because of either legal or factual deficiencies. A claim is legally frivolous where "it lacks an arguable basis . . . in law," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and is based upon an "indisputably meritless legal theory" such as a "claim[] of infringement of a legal interest which clearly does not exist," Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). A claim is factually frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

The court notes that it is clear from the complaint and documents submitted therewith that plaintiff failed to exhaust his administrative remedies before filing this action. See 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 83-85 (2006) (noting that exhaustion is mandatory).

---

[1] Plaintiff alleges that the Department of Correction ("DOC") policy allows inmates to earn sentence credit for work performed or participation in training programs and that his rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution are being violated because there are not enough job/program assignments available at Tabor Correctional Institution ("Tabor"). However, many of the eighteen (18) additional plaintiffs sought to be added to this action are not incarcerated at Tabor. For example, Trey Wimbush (ID 0761481) is located at Tyrrell Work Farm, while John Doyle (ID 0783784) and Michael Watts (ID 0626136) are located at Greene Correctional Institution. Indeed, at least one potential plaintiff, Ronnie Burnett (ID 0057791) has been released from incarceration. See generally North Carolina Department of Correction Offender Public Information, available athttp://webapps6.doc.state.nc.us/opi/offendersearch.do?method=view (last accessed July 6, 2011). Because many of the prospective plaintiffs are incarcerated at different institutions, the court anticipates that the facts and circumstances surrounding their individual claims will vary.

Specifically, plaintiff submitted a letter to which he attached the Department of Correction's response from his final step in its administrative remedy procedure.[2] That response was dated January 31, 2011, which was approximately one month *after* plaintiff filed this action. See Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003) (noting that exhaustion during the pendency of a lawsuit does not comply with § 1997e(a)).

Although failure to exhaust is an affirmative defense under § 1997e(a), see Jones v. Bock, 549 U.S. 199, 217 (2007), the court may raise the defense *sua sponte* during frivolity review in the "rare case where failure to exhaust is apparent from the complaint," see Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). Because it is clearly apparent from plaintiff's filings that he completed the grievance process approximately one month after he filed this action, and where this tardy exhaustion does not comply with § 1997e(a), his claims must be DISMISSED without prejudice.

In summary, plaintiff's motions to amend his complaint (DE ## 5, 7) are GRANTED. But plaintiff's motions to join additional plaintiffs (DE ## 4, 11) are DENIED, and the prospective plaintiff's claims are DISMISSED without prejudice. Plaintiff's motion for class certification (DE # 6) also is DENIED. If prisoners other than plaintiff wish to file their own lawsuits to seek redress

---

[2] The North Carolina DOC has a three step administrative remedy procedure which governs the filing of grievances. See, e.g., Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). The DOC's Administrative Remedy Procedure ("ARP") first encourages inmates to attempt informal communication with responsible authorities at the facility in which the problem arose. DOC ARP § .0301(a). If informal resolution is unsuccessful, the DOC ARP provides that any inmate in DOC custody may submit a written grievance on Form DC-410. DOC ARP § .0310(a). If the inmate is not satisfied with the decision reached at the step one level of the grievance process, he may request relief from the Facility Head. Id. at § .0310(b)(1). If the inmate is not satisfied with the decision reached by the Facility Head, he may appeal his grievance to the Secretary of Correction through the inmate grievance examiner. Id. § .0310(c)(1). The decision by the Inmate Grievance Examiner or a modification by the Secretary of Correction constitutes the final step of the ARP. Id. § .0310(c)(6).

for alleged violations of their rights, they may request the proper forms from the Clerk's Office and do so. Finally, plaintiff's action is DISMISSED without prejudice for failure to exhaust administrative remedies.

SO ORDERED, this 6 day of July, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge